IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNE N. LINCOLN | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. _____ |
| V. | § § | |
| WRINKLE, GARDNER & CO., P.C. | § § | JURY TRIAL DEMANDED |
| *Defendant*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Plaintiff Anne N. Lincoln ("Plaintiff") brings this suit against Wrinkle, Gardner & Co., P.C. ("Defendant") to recover overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

3. In addition, the Court has supplemental jurisdiction over Plaintiff's breach of contract claim under 28 U.S.C. § 1367.

4. Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a resident and citizen of Texas.

6. Defendant Wrinkle, Gardner & Co., P.C. is a Texas professional corporation.

7. Defendant may be served through its registered agent for service, Lee Douglas Wrinkle, 3231 FM 528, Friendswood, Texas 77546.

## FLSA COVERAGE

8. Throughout the three-year period immediately preceding the filing of this lawsuit and continuing thereafter ("the Claims Period"), Defendant employed two or more employees and had annual revenue of at least $500,000.

9. Throughout the Claims Period, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

10. Throughout the Claims Period, Defendant had employees engaged in commerce or in the production of goods for commerce, and Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

11. Throughout the Claims Period, Plaintiff was engaged in interstate commerce or in the production of goods for commerce.

12. Throughout the Claims Period, Defendant was an employer of Plaintiff.

## FACTUAL ALLEGATIONS

13. Defendant is an accounting firm. It describes itself in its employee handbook as providing "a comprehensive array of tax and business consulting services."

14. Plaintiff worked for Defendant as a certified public accountant.

15. Defendant did not pay Plaintiff on a salary basis under the FLSA.

16. Instead, its written pay policy states that "compensation for directors, supervisors, senior accountants, junior accountants and administrative team members is *based on an hourly wage, plus overtime.*" *See* Ex. A, Excerpt of Compensation Policy ("Compensation Policy") (emphasis added).

17. Plaintiff worked overtime (*i.e.*, more than 40 hours per week) for Defendant on numerous occasions during the Claims Period.

18. Defendant knew Plaintiff was working more than 40 hours in most workweeks.

19. However, Defendant did not pay Plaintiff any overtime, *i.e.*, one-and-one-half times her regular rate of pay for each overtime hour she worked during the Claims Period.

20. Not only was Defendant obligated to pay overtime under the FLSA, Defendant *expressly promised* that all employees—including, significantly, "professional staff" like Plaintiff—would be paid overtime in its Compensation Policy. *See* Ex. A.

21. Defendant knew, or showed reckless disregard for whether, Plaintiff was entitled to overtime under the FLSA.

22. Defendant failed to pay Plaintiff overtime.

23. Defendant knowingly, willfully, or in reckless disregard carried out its illegal pay plan that deprived Plaintiff of overtime.

## **FEDERAL CAUSE OF ACTION UNDER THE FLSA**

24. Plaintiff incorporates all preceding paragraphs as if repeated herein verbatim.

25. Defendant violated the FLSA because Plaintiff did not receive overtime for hours worked in excess of 40 in a week.

26. Defendant knew, or showed reckless disregard for whether, its failure to pay overtime violated the law.

27. Defendant's failure to pay Plaintiff was not based on any reasonable interpretation of the law.

28. Nor was Defendant's decision not to pay Plaintiff overtime made in good faith.

29. Accordingly, Plaintiff is entitled to recover her unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## STATE LAW CAUSE OF ACTION FOR BREACH OF CONTRACT

30. Plaintiff incorporates all preceding paragraphs as if repeated herein verbatim.

31. Plaintiff entered into a binding contract with Defendant. Defendant promised Plaintiff that she would be paid overtime. *See* Ex. A. The Defendant's unilateral offer was accepted by Plaintiff's performance (namely, by continuing to work for the company according to the company's offer). The Texas Supreme Court has held that where an employer makes such an offer and the employee performs the request, a binding contract is formed even in an at-will relationship. *See Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 303-04 (Tex. 2009) (holding that an employer could not revoke its unilateral offer to pay at-will employees a percentage of the company upon its sale if the employees continued to work for the company because a contract was formed upon the employees' performance of the offer).

32. Defendant failed to perform its obligations under the contract.

33. All conditions precedent have occurred or been performed.

34. Plaintiff has incurred injuries and is entitled to recover damages, including but not limited to actual and consequential damages, attorneys' fees under Tex. Civ. Prac. & Rem. Code Section 38.001, and interest.

## JURY TRIAL DEMANDED

35. Plaintiff demands a jury trial on all liability and damages issues raised in this lawsuit.

## PRAYER FOR RELIEF

Plaintiff Anne N. Lincoln demands a judgment against Defendant Wrinkle, Gardner & Co., P.C. for the following:

    a. Unpaid regular and overtime wages;

b.  Liquidated damages;

c.  Actual and consequential damages for its breach of contract;

d.  Prejudgment interest on all amounts awarded at the highest rate allowable by law;

e.  Attorneys' fees and costs;

f.  Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

g.  All other relief the Court finds proper.

Respectfully submitted,

**STURM LAW, PLLC**

*/s/ Charles A. Sturm*
CHARLES A. STURM
Texas Bar No. 24003020
S.D. Federal Bar No. 21777
712 Main Street, Suite 900
Houston, Texas 77002
(713) 955-1800 [Telephone]
(713) 955-1078 [Facsimile]
csturm@sturmlegal.com



ATTORNEY-IN-CHARGE FOR PLAINTIFF